■ In the Matter of the Arbitration between SPINEX LABORATORIES, INC., et al., Appellants, and BARBARA PATTON, as Chair of the Workers' Compensation Board, et al., Respondents. [623 NYS2d 944] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Keniry, J.), entered October 15, 1993 in Schenectady County, which, upon reargument, denied petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

In 1990 and 1991, petitioners, a diagnostic laboratory and licensed chiropractor, provided testing and treatment services to Russell Shafer, who had suffered an employment-related

injury in September 1989. Respondent State Insurance Fund, the workers' compensation carrier for Shafer, refused to pay for some of the aforementioned services, contending that they were unnecessary and that a portion of the fees charged by petitioners, totaling $2,160, were excessive, and demanded arbitration pursuant to Workers' Compensation Law § 13-*l*. A Workers' Compensation Law Judge (hereinafter WCLJ) referred the matter to respondent Chiropractic Practice Committee (hereinafter the Committee) to determine the reasonableness of the fees charged in connection with the use of a "MedX" machine. Following a hearing, the Committee disallowed the entire amount contested, apparently finding that the MedX services rendered were unnecessary and therefore of no value. Petitioners thereafter commenced this CPLR article 75 proceeding challenging the Committee's decision. Supreme Court dismissed the petition, prompting this appeal.

Petitioners assert that the Committee is empowered to determine the value of services only, not their necessity, and that the WCLJ's decision that the carrier was responsible for the bills necessarily encompassed a finding that the services were warranted and therefore of some value. They argue that the Committee was required to establish a fair fee for their services and that, in assigning no monetary value thereto, the Committee exceeded its authority.*

We disagree. Compensation for tests and treatments that are duplicative, excessive or inappropriate for the claimed injury, and accordingly of no benefit to the claimant, cannot be countenanced. Clearly, such services may be considered to have no "value", as that term is used in the applicable provisions of the Workers' Compensation Law. Moreover, a mere reading of the format of the A-1 form (the mechanism by which objections are registered to bills for treatment of claimants), prescribed by respondent Chair of the Workers' Compensation Board, reveals an agency interpretation of the statutory term "value" which encompasses decisions with respect to medical necessity and appropriateness—an entirely reasonable construction *(cf., Harnick v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 127 NYS2d 308, 311)—as indicated by the fact that such decisions are regularly referred to the Committee, rather than the WCLJ. As for the WCLJ's finding in this case, we read it only as indicating that the

---

* Petitioners have not briefed, and therefore are deemed to have abandoned, their arguments with regard to the partiality and composition of the Committee.

issues with respect to which adjudication by the WCLJ had been sought were resolved in petitioners' favor, not that any determination was made on matters, such as the necessity for the services furnished, regarding which the carrier had specifically requested arbitration.

Nor does it appear that the Committee's determination is without a rational basis *(see, Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493, 508). In view of petitioners' own reports indicating that Shafer was no longer disabled and had resumed work, and record evidence that the disputed treatments involved exercise on a Nautilus-type machine that tests and strengthens the neck and back muscles, we cannot say that the Committee's conclusion that they were unnecessary in this case is unreasonable *(see, Caso v Coffey,* 41 NY2d 153, 158).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.